UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| JAMON DEMETRIUS JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV619-091 |
| | ) | |
| COMMISSIONER TIMOTHY C. WARD, *et* | ) | |
| *al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the

Magistrate Judge's Report and Recommendation (R&R) of June 1, 2022, (doc. no. 38), to which

objections have been filed, (doc. no. 41). In addition to his express objection to the Magistrate

Judge's Report and Recommendation, Jackson has filed numerous documents of, at best, limited

value. (Docs. nos. 42, 43, 44, 45, 47, 48, 49, 50, 52, 54, 57, 58.) Despite those filings not expressly

responding to the Magistrate Judge's recommendation that Defendants' Motion to Dismiss should

be granted, the Court has reviewed their contents to determine whether they, even plausibly, assert

a meritorious objection to the Report and Recommendation. Cf. Erickson v. Pardus, 551 U.S. 89,

94 (2007) (instructing that pro se filings are to be liberally construed). As discussed below, they

do not. To the extent that any of them assert requests for additional relief, those requests are

addressed below. See 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify,

in whole or in part, the findings or recommendations made by the magistrate judge.").

## BACKGROUND

Defendants Georgia Department of Corrections Commissioner Timothy C. Ward, Regional

Director R. Shepard, and Warden Terrence Kilpatrick moved to dismiss Jackson's 42 U.S.C. §

1983 Complaint alleging interference with his right to practice his religion, unconstitutional conditions of confinement, violation of due process, and interference with outside communications. (See doc. no. 27 at 1.) They asserted that Jackson was precluded from pursuing his claims in forma pauperis because he has accrued three "strikes," pursuant to 28 U.S.C. § 1915(g). (Id. at 7-11.) They also argue that Jackson has failed to exhaust administrative remedies. (Id. at 2-7.) The Magistrate Judge noted that Jackson did not "file any explicit opposition to the defendants' Motion to Dismiss." (Doc. no. 38 at 1 n. 1.) Despite that failure, the Magistrate Judge proceeded to consider whether any of the material Jackson had filed addressed the merits of Defendants' arguments. (Id.)

The Magistrate Judge's Report and Recommendation explained that Jackson had not accrued three 28 U.S.C. § 1915(g) "strikes" when he filed this case. (Doc. no. 38 at 2-4.) However, he recommended that Defendants' Motion to Dismiss should be granted on the grounds that Jackson had failed to exhaust available administrative remedies. (Id. at 5-16.) Applying the analysis established in Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008), the Magistrate Judge concluded that dismissal was appropriate under two separate steps of that analysis. (Id.) Finally, the Magistrate Judge recommended that Jackson's variously styled motions were meritless. (Id. at 16-20.) Despite Jackson's prolific filings since the Magistrate Judge entered his Report and Recommendation, none of them identify any defect in the Magistrate Judge's analysis or make any meritorious request for relief.

## ANALYSIS

I.    Response to Defendants' Motion to Dismiss (Doc. no. 39)

The first document Jackson filed in apparent response to the Report and Recommendation is styled as a belated response in opposition to Defendants' Motion to Dismiss. (See generally

doc. no. 39.) That document asserts, incorrectly, that Defendants "erred" when they did not file an "Answer and Defenses." (Id. at 1.) The Magistrate Judge pointed out that Jackson's contention "that defendants were obligated to file an answer, despite moving to dismiss," flatly ignores the application of the Federal Rules of Civil Procedure. (See doc. 38 at 19 (citing Fed. R. Civ. P. 12(a)(4)(A)). Much of the "response" addresses defendants' three-strikes argument, which the Magistrate Judge rejected. (See id. at 2.) To the extent that it implicates the substance of the Report and Recommendation at all, it challenges the basis for the affidavit submitted in support of the Motion to Dismiss. (Id.) However, the conclusory assertion does not controvert the affiant's knowledge of or competence to testify about the applicable grievance procedure and search of records for the grievances Jackson filed. (Compare id. (challenging affidavit because the affiant "just started working at Smith State Prison a month ago and was not aware of the incident" at issue), with doc. no. 27-1 at 1, ¶¶ 2-3 (stating affiant's familiarity with the effective grievance procedure), 3-4, ¶ 11 (stating affiant's search of grievance database)). Jackson's "response" to the Motion to Dismiss, therefore, does not undermine the Report and Recommendation's analysis in any way.

II.     Objection (Doc. no. 41)

Jackson's Objection to the Report and Recommendation first suggests that the "Clerk of Court can not indicate that Plaintiff Jackson was ever mailed motion to dismiss [sic]," suggesting that his deadline to respond to that Motion never accrued. (Doc. 41 at 2.) Jackson, notably, does not expressly assert that he never received the Motion, merely that the Clerk cannot "show" mailing. Jackson's objection misunderstands the Clerk's responsibility. The Clerk has no obligation to mail a party's motion. *See* Fed. R. Civ. P. 5. Defendants' Motion includes a certificate of service indicating that the Motion was mailed to Jackson. (Doc. no. 27 at 12.)

Defendants' counsel certified that he "served [the Motion] by U.S. mail," upon Plaintiff. (Id.) The Federal Rules are explicit that service by mail is appropriate for "written motion[s]," and "service is complete upon mailing." Fed. R. Civ. P. 5(a)(1)(D); Fed. R. Civ. P. 5(b)(2)(C); see also, e.g., United States v. Payne, 741 F.2d 887, 895 (7th Cir. 1984) ("Mailing the motion to the correct address fully satisfied the [party's] obligation to serve [the other party], without regard to whether or not service was received . . . .").[1] Moreover, the Magistrate Judge did not rely on Jackson's failure to respond in recommending that the Motion be granted in part. (*See* doc. 38 at 1 n. 1.) As the Magistrate Judge, and the Court, have reviewed all of Jackson's filings, there is no question that he has had ample opportunity to respond to the substance of defendants' argument. Finally, Jackson reiterates his meritless argument concerning the procedural propriety of the Motion to Dismiss. (See doc. no. 41 at 2.) None of those arguments address the basis of the Magistrate Judge's recommendation.

Despite the irrelevant material, Jackson's Objection does discuss exhaustion. (Doc. no. 41 at 3.) He first asserts that his "attempt[ ]" to exhaust his administrative remedies should "exempt[ ]" him from the application of the requirement. (Id.) He also argues that grievances post-dating the initiation of this action should satisfy the requirement. (Id.) He also asserts that "partial exhaustion" should prevent the dismissal of the case as a whole. (*Id.* (citing Bingham v. Thomas, 654 F.3d. 1171, 1175 (11th Cir. 2011)).

First, the Magistrate Judge correctly stated that " '[t]o exhaust administrative remedies in accordance with the PLRA, prisoners must *properly* take *each step* within the administrative process.'" (Doc. no. 38 at 6 (emphasis added) (quoting Bryant v. Rich, 530 F.3d 1368, 1378 (11th

---

[1] Jackson does not contend that the Motion was sent to the wrong address and the address on the certificate corresponds to Jackson's address on the Court's docket.

Cir. 2008)). Jackson's argument that his "attempted" compliance with the grievance procedure was sufficient is, therefore, meritless. See, e.g., Hasuan v. Green, 2022 WL 3695486, at *1 (S.D. Ga. Aug. 8, 2022) ("Proper exhaustion is mandatory, and courts have no discretion to waive it or excuse it based on improper or imperfect attempts to exhaust, no matter how sympathetic the case or how special the circumstances." (citations omitted)), adopted 2022 WL 3692668 (S.D. Ga. Aug. 25, 2022).

Second, Jackson's argument that post-suit grievances can satisfy the exhaustion requirement appears to misapply the relevant authority. He cites to the Eleventh Circuit's opinion in Parzyck v. Prison Health Services, Inc., 627 F.3d 1215 (11th Cir. 2010) in support of his contention. (See doc. no. 41 at 3.) However, Parzyck did not excuse a prisoner's failure to fully exhaust the grievance procedure, it found that the scope of a fully exhausted grievance was sufficient. See 627 F.3d at 1219 (recognizing the plaintiff "demonstrated meticulous respect for the . . . administrative grievance procedures . . . before [the defendant] was brought into court.") There is no plausible argument under Parzyck, or any other authority of which the Court is aware, that post-suit grievances can satisfy the PLRA's exhaustion requirement. See also, e.g., Murphy v. Ward, 2022 WL 3647269, at *2 (S.D. Ga. Aug. 24, 2022) ("[B]ecause exhaustion of administrative remedies is a precondition to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit." (internal quotes and cite omitted), adopted 2022 WL 5249445 (S.D. Ga. Oct. 6, 2022); (doc. no. 38 at 9 n. 3 (citing, inter alia., McDaniel v. Crosby, 194 F. App'x 610, 613 (11th Cir. 2006)).

Finally, Jackson is correct that exhaustion is evaluated on a claim-by-claim basis. See, e.g., Jones v. Bock, 549 U.S. 199, 219-24 (2007) (finding "no clear reason to depart from the more typical claim-by-claim approach" to exhaustion). However, the Magistrate Judge found that none

of his pre-suit grievances were properly exhausted. (See doc. no. 41 at 3; see also doc. no. 38 at 9 (noting testimony that "none of the pre-suit grievances [Jackson filed] were properly exhausted.").) Jackson's Objection does not dispute that conclusion, nor does it identify which claims he contends were exhausted. (See doc. no. 41 at 3.) Since none of the pre-suit grievances support exhaustion of any claim, a claim-by-claim analysis is moot.

Jackson's Objection also suggests that the grievance process was "unavailable" because he was discouraged from and impeded in utilizing that process. (See doc. no. 41 at 3.) He asserts, in unedited form, that he:

> should be exempted from exhausting administrative remedies, from failure to provide or hinder, appeal documents from tier counselor Ms. Atkinson to Plaintiff Jackson, or threatening Plaintiff to drop grievance, where there is no documentation of dropped grievance on record where Plaintiff Jackson willfully terminated process. Also, each grievance response documented that 'Nothing on tier is grievancable' from Wardens denying grievance on state level clarifying no remedy could be giving on prison conditions at Smith State from tier administrative segregation lockdown.

(*Id.*) To the extent that Jackson's objection is even comprehensible, it does not state a cogent objection to the Magistrate Judge's analysis of the availability of the grievance procedure. (See doc. no. 38 at 11-16.) Jackson's Objection, therefore, does not undermine the Report and Recommendation's conclusion in any way.

III.    Declaration (Doc. no. 42)

Jackson filed a "declaration," apparently in support of his objection. (Doc. no. 42.) It includes a statement concerning his receipt of the mailed service copy of the defendants' Motion to Dismiss. (Id. at 1.) For the reasons discussed above, whether and when Jackson received the service copy of that Motion is irrelevant. He also asserts that he has "attempted to follow [the grievance procedure] in due diligence and good cause." (Id. at 1-2.) He repeats many of the same vague complaints about the grievance process, apparently in response to the Magistrate Judge's

consideration of whether it was "available." (See id. at 2 (stating, in part, "[O]n some occasions grievances were active, or while on segregation administrative lockdown on grievance denial reason from 'Wardens Response' on documentations 'that nothing on tier was greivancable' which was 'subjective' and 'objective' . . ."). As above, the Court can discern nothing in Jackson's "declaration" that calls into question the Report and Recommendation's analysis.

IV.    Memoranda (Docs. nos. 44, 45, 49 & 58)

Jackson has filed multiple documents tiled "Memorandum of Law." Jackson's first filing consists of nothing but a list of cases and several marginal notations and section headings. (See doc. no. 44.) None of the headings suggest that any of the authority relates to exhaustion under the PLRA. (See id.) His second two filings are just more of the same. (Docs. nos. 45 & 49.) To the extent that Jackson expected the Court to troll through the cited cases in an attempt to divine an argument in his favor, the Court will not do so. Cf. United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Most recently Jackson filed a "Memorandum" which challenges the legitimacy of his conviction and continued incarceration. (Doc. no. 58.) Challenges to the validity of a conviction, or requests for immediate or speedier release, are not cognizable in a § 1983 case. See, e.g., Heck v. Humphry, 512 U.S. 477, 481 (1994). His contention that "monetary relief for damages encountered from damages not available in administrative remedies," (doc. no. 58 at 1)—to the extent that it is comprehensible at all—is addressed below.

V.    Defendants' Response and Jackson's Reply (Docs. nos. 46 & 47)

Defendants filed a "response" to Jackson's filings, discussed above, which asserts "[n]othing in Plaintiff's response to the motion to dismiss, his objection to the R&R, or his many declarations in this case undermines the R&R's filing that Plaintiff did not completely exhaust the

entire administrative [grievance] process . . . ." (Doc. no. 46 at 2.) Jackson filed a "reply," which reasserts his argument that whether the grievance process can provide the remedy requested is relevant to exhaustion. (See doc. no. 47 at 1.) The Eleventh Circuit has explained that, contrary to Jackson's contention, "[w]here there is the possibility of some relief . . . a prisoner must exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands." Varner v. Shepard, 11 F.4th 1252, 1258 (11th Cir. 2021) (internal quotation marks and citation omitted). His conclusory allegations concerning exemption from the exhaustion requirement due to "hardship," (doc. no. 47 at 1), were addressed by the Magistrate Judge, (doc. no. 38 at 11-16).

VI.   Rule 60(b) Motion (Doc. no. 50)

Jackson filed a "motion," purportedly pursuant to Federal Rule of Civil Procedure 60(b), seeking "relief from judgment of Magistrate R and R [sic]." (Doc. no. 50 at 1.) Rule 60(b), by its plain terms, applies to "a *final* judgment." *Id.* (emphasis added). As this Court has explained, a "Report and Recommendation is not a final judgment," and so it is not subject to a Rule 60(b) motion. See Miller v. Walker, 2009 WL 2135798, at *1 n. 1 (S.D. Ga. July 16, 2009). The Motion is, therefore, **DENIED**. (Doc. no. 50.) Jackson also reiterates his contention that the type of remedy available through the grievance procedure is relevant to the exhaustion requirement. (Id. at 1-2.) As discussed above, that contention is mistaken.

VII.   Motion for Partial Summary Judgment (Doc. no. 51)

Jackson has also submitted a document captioned "Motion for Partial Summary Judgment." (Doc. no. 51.) The "motion" is, like Jackson's other pleadings, a jumble of legal jargon without any discernible connection to the motions contemplated by Federal Rule of Civil Procedure 56. It reiterates Jackson's dispute concerning alleged service issues. (Id. at 1-2.) It

requests, in wholly conclusory fashion, that the Court "order release pursuant to 28 U.S.C. § 2284 . . . ." (Id. at 2.) It reasserts his mistaken contention that lack of available monetary damages "exempts" him from the administrative exhaustion requirement. (Id.) Finally, it requests sanctions against defendants. (Id. at 3.) The "brief" and affidavit submitted in support of that motion is more of the same. (See generally doc. no. 52). He belatedly filed a document titled "Statement of (Material) Facts for Partial Summary Judgment." (Doc. 57.) That document is merely a numbered list of Jackson's conclusory assertions and allegations. (See generally id.) Since the Motion and purported supporting documents are substantially frivolous, see, e.g., Neitzke v. Williams, 490 U.S. 319, 325 (1989), it is **DENIED**. (Doc. no. 51.)

Despite the frivolousness of the relief requested, Jackson's "brief" does reiterate his contentions that he was not obligated to exhaust available administrative remedies because they could not provide the specific relief he sought. (Doc. no. 52 at 2.) It also reiterates his contentions concerning officials' alleged obstruction of his use of the grievance procedure. (Id. at 2.) His affidavit includes similar contentions. (See doc. no 54 at 3-4.) All of those assertions have been discussed, and rejected, above. There is nothing in Jackson's "brief" which alters that analysis.

VIII.    Filings Irrelevant to the Report and Recommendation

While none of Jackson's filings assert any fact which undermines the Magistrate Judge's determination that he failed to exhaust available administrative remedies, several of his filings are wholly irrelevant to the Report and Recommendation. Jackson's assertion that he should recover "costs," and his calculation of the recoverable costs as, inexplicably "$58, 002.70," is completely irrelevant to the analysis in the Report and Recommendation. (See doc. no. 40.) Jackson filed a reply in support of a Motion for Default Judgment, filed after the Magistrate Judge issued the Report and Recommendation. (See doc. no. 47 (in support of doc. no. 43.)). That Motion is

discussed more fully below.  His motion "requesting transfer to [a] transitional center closer to home," (doc. no. 48), does not address the Report and Recommendation.

IX.    Motion for Default Judgment (Doc. nos. 30 & 43)

The Magistrate Judge recommended that Jackson's Motion for Default Judgment be denied.  (See doc. no. 38 at 16-19.)  The Magistrate Judge noted that the evidence that defendants were ever served was, at best, ambiguous.  (Id. at 18-19.)  The Magistrate Judge concluded that the Motion to Dismiss was timely filed and, by operation of the Federal Rules, their deadline to file an answer was tolled.  (See doc. 38 at 19 (citing Fed. R. Civ. P. 12(a)(4)(A))); see also, e.g., Lockwood v. Beasley, 211 F. App'x 873, 876 (11th Cir. 2006) ("Because the defendants filed a motion to dismiss . . . [they] were not required to file an answer until the district court disposed of their motion.").  Jackson's repeated contention that defendants' failure to file an answer warrants default judgment against them is simply mistaken.  His Motion is, therefore, **DENIED**.  (Doc. no. 30).  His second motion, filed after the Report and Recommendation, which largely reiterates his prior argument is **DENIED** for the same reason.  (Doc. no. 43.)

X.    Motion Requesting Transfer (Doc. no. 48)

Jackson has filed a "Motion Requesting Transfer," which objects to his continued detention despite the "approv[al] on [a] state-level administrative request for [detention] closer to home, [on] June 23, 2021." (Doc. no. 48.)  The legal basis for that motion is, charitably, hard to understand, but it appears to seek injunctive relief.  (Id. at 1 (referring to "irreparable" injury).  To the extent that Jackson's Motion seeks preliminary injunctive relief, it fails.  See, e.g., Carillon Imp., Ltd. V. Frank Pesce Intern. Grp. Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) ('The grant or denial of a preliminary injunction is a decision within the discretion of the district court.").

To the extent that he is not seeking preliminary relief, the Court might construe his "motion" as a request to amend the operative Complaint to add such a claim. See, e.g., Fed. R. Civ. P. 15(a)(2). However, as this Court has explained, "inmates do not have a constitutional right to be housed at one facility or another." Howard v. Kemp, 2010 WL 23057, at *2 (S.D. Ga. Jan. 4, 2010). Any such amendment would, therefore, be futile. See, e.g., Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010).

Since the Court can discern no plausible basis for Jackson's request, his Motion is **DENIED**. (Doc. no. 48.)

## CONCLUSION

In summary, the Magistrate Judge's Report and Recommendation is **ADOPTED**. (Doc. no. 38.) Defendants' Motion to Dismiss is **GRANTED**. (Doc. no. 27.) Jackson's Amended Complaint, (doc. no. 16), is **DISMISSED**. Jackson's Motion for Default Judgment is **DENIED**. (Doc. no. 30.) His Motion for Default Judgment, filed after the Report and Recommendation, is also **DENIED**. (Doc. no. 43.) His Motion Requesting Transfer is **DENIED**. (Doc. no. 48.) His Motion for Partial Summary Judgment is **DENIED**. (Doc. no. 51.) Defendants' Motion to Stay is **DISMISSED** as moot. (Doc. no. 55.) The Clerk is **DIRECTED** to close this case.

**ORDER ENTERED** at Augusta, Georgia, this ___ day of December, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA